## AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

I, John W. Forte, state as follows:

### INTRODUCTION

1.I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, and have been so employed since 2002. I am currently assigned to the ATF Boston Field Division, Manchester, New Hampshire Field Office, and charged with investigating criminal offenses involving the federal firearms, explosives, arson, alcohol, and tobacco diversion laws.

2.I have received extensive training in the federal firearms laws and am familiar with ATF's regulations regarding the purchase and sales of firearms. I have successfully completed the Criminal Investigations Training Program and the ATF New Professional Training (NPT) at the Federal Law Enforcement Training Center in Glynco, GA. During the NPT program, I learned how to investigate criminal offenses involving the federal firearms, explosives, arson, alcohol, and tobacco diversion laws. I have received advanced training with regard to conducting complex firearms trafficking investigations. I have participated in dozens of investigations relating to the illegal acquisition and sales of firearms, the illegal manufacture and possession of National Firearms Act weapons and previously have sworn out numerous affidavits in support of search warrants and arrest warrants in firearms cases. I have been certified as an Interstate Nexus Expert, that is, an expert in establishing whether particular firearms or ammunition have traveled in interstate commerce thereby satisfying the interstate commerce element of many federal firearms crimes.

3.I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search a Night Owl DVR which was originally seized by Hillsboro Police Department under a State of New Hampshire search warrant on

March 5, 2019, from the residence of Luke LEVESQUE located at ▮ Old Drift Way in Hillsborough, New Hampshire (further described in Attachment A) for the items described in Attachment B.

4. The information contained in this affidavit is based on my personal involvement in this investigation, my training and experience, my review of documents, and information provided to me by other law enforcement officers. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the requested warrant.

## LEGAL BACKGROUND

5. Title 26, United States Code, Section 5861 states, in relevant part:

> It shall be unlawful –
>
> (d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record; or
>
> (i) to receive or possess a firearm which is not identified by a serial number as required by this chapter; or
>
> (k) to receive or possess a firearm which has been imported or brought into the United States in violation of section 5844….

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

The property to be searched is a Night Owl DVR, Model DVR-X3-81-JF, serial number TB170816675 and is described as a security surveillance system digital video recorder that is manufactured to record and playback video footage that is supplied by the cameras connected to

it at the time it was seized.  The Night Owl DVR is currently located in the custody of Hillsboro, New Hampshire Police Department and is listed as exhibit 19-282-PR:



The Hillsboro, New Hampshire Police Department is located at 22 Municipal Drive in Hillsboro, New Hampshire.

6. The applied-for warrant would authorize the examination of the Night Owl DVR for the purpose of identifying electronically stored data particularly described in Attachment B.

7. The Night Owl DVR is currently in the possession of the Hillsborough Police Department.  Members of the Hillsborough County Task Force with the Hillsborough Police Department seized the Night Owl DVR on March 5, 2019 pursuant to a State search warrant.  On October 16, 2019, this affiant was notified by the Hillsborough County Attorney's office that at the conclusion of LEVESQUE's state case, they had agreed to return LEVESQUE's property including the Night Owl DVR and that the court entered an agreed order requiring the Hillsborough Police Department to return the property.  It is my understanding that the Hillsborough County Attorney's Office has moved to modify that order in light of the continued evidentiary value of the Night Owl DVR.  I understand LEVESQUE's attorney to oppose that motion.

## FACTS ESTABLISHING PROBABLE CAUSE

8. On March 4 and 5, 2019, a Hillsborough, New Hampshire Police Department Confidential Informant, hereafter referred to as "CI", met with members of the Hillsborough, NH Police Department to provide them with information related to ongoing drug trafficking, manufacturing and/or possession of machineguns, and the manufacture/possession of silencers by Luke LEVESQUE. The CI advised that LEVESQUE resides at ▮ Old Drift Way in Hillsborough, NH. The CI had never provided information to Hillsboro Police or any other law enforcement agency previously. The CI admitted that it has used cocaine in the past that was supplied by LEVESQUE. The CI advised it had conducted one drug transaction of Methamphetamine at the direction of LEVESQUE. The CI stated that it had accompanied LEVESQUE on multiple drug transactions where LEVESQUE either sold or purchased drugs. Investigators found no deception in the CI's statements and determined that the CI's safety was the motivating factor for the CI's cooperation.

9. The CI stated that it had witnessed numerous drug transactions at LEVEQUE's residence. The CI stated that in addition to selling illicit drugs out of the residence at ▮ Old Drift Way, LEVESQUE also transports and sells the drugs from his vehicles and delivers them directly to his customers. The CI stated that when inside a motor vehicle, Levesque keeps the drugs in a Monster Soda can with a hidden screw off compartment, in his pockets, or in his pants under his scrotum. The CI stated that on February 28, 2019, LEVESQUE sent the CI a picture of a large amount of drugs in his possession.

10. The CI provided additional information on LEVESQUE's drug trafficking activities outside of his residence. The CI stated that LEVESQUE sold methamphetamine, cocaine, MDMA, heroin, and steroids. The CI stated that LEVESQUE has some of the drugs

shipped to him and others he purchases in New Hampshire.  The CI stated that during the time the CI has known LEVESQUE, it has witnessed numerous drug transactions taking place within the residence of ▆ Old Drift Way and the CI has never been at the residence when LEVESQUE has not had drugs on his person or in the residence.

11.	The CI stated that LEVESQUE is manufacturing fully automatic handguns and Uzi machineguns.  The CI stated that LEVESQUE purchases Uzi parts kits from the internet and welds them together to make fully operational firearms. The Uzi kits were described as Deluxe Uzi SMG parts kits with a folding stock.  The CI stated that Levesque has sold the completed and functional Uzi machineguns for thousands of dollars apiece.  The CI stated that it believes that LEVESQUE has sold multiple Uzi machineguns to multiple persons.  The CI stated that Levesque keeps the Uzi parts in a box on the top shelf in his bedroom.

12.	The CI advised that LEVESQUE is also manufacturing silencers at the residence. The CI stated that LEVESQUE uses at least two types of vehicle filters to manufacture the different styles of silencers.  The CI advised that LEVESQUE has numerous long guns to include shotguns and rifles. LEVESQUE stores the long firearms in his bedroom closet.

13.	That the CI advised that LEVESQUE also has two handguns, a black Glock pistol and a tan Sig Sauer pistol, that he has modified into machineguns.  The CI stated that the Glock was purchased at Shooters Outpost in Hooksett NH on January 11, 2019 and LEVESQUE modified it into a machinegun within two weeks of the purchase.  The CI advised that it has been with LEVESQUE when he has fired the Glock. The CI stated that when LEVESQUE pulled the trigger one time, all of the ammunition subsequently fired out of the handgun.  That the CI stated the tan Sig Sauer pistol was obtained in a trade. The CI stated that LEVESQUE traded a large sum of drugs for the Sig Sauer pistol.

14. The CI stated that LEVESQUE has an extensive security camera network set up inside and outside of the residence at ▓ Old Drift Way. The CI stated that the camera system records to a DVR and contains all of the illicit drug use and drug sales that occurred both inside and outside the residence.

15. The CI stated that LEVESQUE had a significant quantity of counterfeit U.S. currency that he had purchased from China. The CI stated that the money from China would come with some ink type markings when it was received by LEVESQUE in the mail. The CI stated that LEVESQUE had a chemical process that he would run the money through to remove the ink markings. The CI stated that once the ink was removed, LEVESQUE would spray the counterfeit money with hair spray to give it a real feel. The CI stated that once the fake money was treated and sprayed it looked and felt like real money.

16. On March 5, 2019, Hillsborough Police and members of the Hillsborough County Task Force executed a State search warrant on LEVESQUE's residence at ▓ Old Drift Way in Hillsboro. Evidence corroborating the CI's statements was located within the residence including a number of vials of steroids, syringes, a white powder consistent with cocaine located on a digital scale, a clear crystalline substance consistent with crushed up methamphetamine, a large amount of cash, baggies were located in the top dresser drawer of LEVESQUE's bedroom. In addition, a large amount of counterfeit U.S. currency (over $18,000) was located underneath LEVESQUE's bed in a plastic bag.

17. Investigators located a Glock, model 17, 9mm caliber pistol, serial number NSM209 that had been modified into a machinegun with the addition of a device commonly referred to as a Glock switch or conversion device. The Glock switches or conversion devices are aftermarket products that are not manufactured by Glock Inc. When a Glock

switch/conversion device is installed to the rear of the slide (replacing the slide cover plate) it allows the Glock pistol to function as a machinegun by expelling more than one round of ammunition per pull of the trigger.  A second Glock switch/conversion device was located nearby and it was contained within a shipping envelope.  Investigators also found a suspected silencer with no markings. The Glock machinegun, along with three magazines, and the suspected silencer were located in LEVESQUE's nightstand.

18.	Investigators also found a loaded Harrington & Richardson, model 949, .22 caliber revolver, serial number AS64650, that was located stuck inside a hole in the side of LEVESQUE's mattress.  A second suspected silencer, made from a Microgard oil filter, was located in the basement of the residence.  An Uzi parts kit was also located in a box on the top shelf of LEVESQUE's bedroom closet.

19.	Investigators also seized a Night Owl DVR video security system from LEVESQUE's residence.

20.	On March 6, 2019, the CI returned to the Hillsboro Police Department to provide information regarding LEVESQUE's Instagram accounts, Snapchat accounts, and Venmo account.  The CI stated that LEVESQUE used these accounts facilitate drug and firearm transactions.

21.	On March 7, 2019, the CI again met members of the Hillsborough Police Department.  During the meeting, the CI stated that LEVESQUE was a user of Methamphetamine, cocaine, MDMA and alcohol.  The CI stated that LEVESQUE's continued use of these drugs had made him paranoid and violent.  The CI stated that LEVESQUE had become increasingly possessive of it and had made threatening statements that the CI's detailed knowledge of LEVESQUE's illegal activities was a threat to LEVESQUE.

22. On March 8, 2019, this affiant met with members of the Hillsboro, NH Police Department and reviewed the evidence seized from LEVESQUE's residence. This affiant took custody of several items for further examination including, but not limited to, the Glock pistol, two Glock switches/conversion devices (the second of which was still in the shipping envelope), the Uzi parts kit and the two suspected silencers (including the packaging that it is suspected the two Glock switches/conversion devices were shipped in).

23. This affiant noted that the shipping labels on the plastic envelope, which contained one of the Glock switches/conversion devices at the time it was seized, indicated that it originated in the country of China and was shipped to the U.S. using China Post mail service. This affiant is familiar with the Glock switches/conversion devices from other recent cases and noted that the shipping envelope matches that which were recovered in other investigations.

24. On March 22, 2019, Det. McGillicuddy reviewed video surveillance footage from the Night Owl DVR seized from LEVESQUE's residence on March 5, 2019. The footage viewed showed a recording date of March 5, 2019. Det. McGillicuddy recognized in that video the basement of ▓ Old Drift Way, the residence of LEVESQUE. In that footage, in and around the March 5th time frame, he observed various individuals using what appears to be a narcotic drug by various means of ingestion. Additionally a woman is observed in the basement with LEVESQUE nearby injecting what appears to be intravenous drugs. Furthermore, there are individuals on footage in the basement with LEVESQUE nearby who appear to be snorting an unknown substance.

25. On August 1, 2019, Firearms Enforcement Officer (FEO) James Barlow of the ATF Firearms and Ammunition Technology Division examined the Glock, model 17, 9mm caliber pistol, serial number NSM209, the two Glock switches/conversion devices, the two

suspected silencers, and the Uzi parts kit. FEO Barlow determined that the Glock, model 17, 9mm caliber pistol, serial number NSM209 was a firearm as defined in 18 U.S.C. § 921(a)(3)(A) and (B). FEO Barlow further determined that a portion of the polymer at the rear of the frame of Glock, model 17, 9mm caliber pistol, serial number NSM209 had been removed. FEO Barlow stated that this was a common modification to Glock pistol when they were used in conjunction with Glock switches/conversion devices. FEO Barlow determined that both of the Glock switches/conversion devices were machineguns as defined by 18 U.S.C. § 921(a)(23) and were also firearms as defined in 26 U.S.C. § 5845(a)(6). FEO Barlow noted that neither of the two Glock switches/conversion devices were serialized. FEO Barlow determined that the suspected silencer located in LEVESQUE's bedroom was a firearm as defined by 18 U.S.C. § 921 (a)(3)(C), was a firearm silencer as defined by 18 U.S.C. § 921 (a)(24), a firearm as defined by 26 U.S.C. § 5845(a)(7), and was not serialized.

26. On October 16 and 19, 2019, this affiant spoke with Lt. Derek Brown of the Hillsboro, NH Police Department. Lt. Brown advised that the Night Owl DVR had been partially examined and determined that approximately three days of video surveillance footage was available to view on the device via standard software included within the device itself. It was determined that additional footage was present on the Night Owl DVR, but that it was not viewable via the standard software included within the device itself. Using computer forensic technology, Hillsboro Police Department was able to extract the additional video surveillance footage from the Night Owl DVR. The extraction created over two million separate video surveillance files. Furthermore, Lt. Brown advised that all the video surveillance footage can only be viewed using the Night Owl DVR on which it was recorded due to software security protocols.

27.     On October 20, 2019, this affiant queried the National Firearms Registration and Transfer Record for any and all National Firearms Act weapons registered to LEVESQUE and the Glock, model 17, 9mm caliber pistol, serial number NSM209.  Both queries were returned with negative results.

## CONCLUSION

I submit that this affidavit supports probable cause for a warrant to seize the Night Owl DVR, as described in Attachment A, and authorize the examination of the Night Owl DVR the items described in Attachment B.

                        Respectfully submitted,

                        /s/ John Forte
                        John Forte
                        Special Agent
                        Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me
on October 25, 2019:

_____
Hon. Andrea Johnstone
United States Magistrate Judge

## ATTACHMENT A

The property to be searched is a Night Owl DVR, Model DVR-X3-81-JF, serial number TB170816675 (the "Device"). The Device is currently located in the custody of Hillsboro, New Hampshire Police Department and is listed as exhibit 19-282-PR:



The Hillsboro, New Hampshire Police Department is located at 22 Municipal Drive in Hillsboro, New Hampshire

This warrant authorizes the review and forensic examination of the Device for the purposes of identifying information described in Attachment B.

## **ATTACHMENT B**

1. All records on the Device described in Attachment A that relate to violations of Title 26, United States Code, Section 5861 and involve Luke LEVESQUE, including:

    a. the possession and manufacture of firearms, including machineguns, silencers, switches, conversion devices, and any other firearm;

    b. types, amounts, and prices of firearms trafficked as well as dates, places, individuals involved in specific transactions;

    c. any information related to sources of firearms and firearm parts (including names, addresses, phone numbers, or any other identifying information);

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted.